DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Theresa L. Poletsky, ) | |
| ) | CASE NO. 5:07 CV 3877 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CMLW Enterprises, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

I.  INTRODUCTION

In her three count complaint, plaintiff alleges that she was subject to sexual harassment, discrimination and retaliation by defendants in connection with her employment as a truck driver in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S,C, § 2000e *et seq.*) and the Ohio Civil Rights Act (Ohio Revised Code (ORC) § 4112.01(A)(2)) (Complaint).  ECF 1.  Pending before the Court is defendants' motion for summary judgment on all counts of the Complaint.  ECF 27.  Plaintiff has opposed defendants' motion (ECF 30) and defendants have replied (ECF 32).  For the reasons discussed herein, defendants' motion for summary judgment is DENIED.

II.  FACTS

The parties do not dispute that plaintiff Theresa Poletsky (Poletsky) worked as a truck driver for defendant CMLW Enterprises, Inc. (CMLW) from about October 22, 2004 to September 12, 2005.  CMLW was in the business of repairing, selling and delivering used pallets.  Poletsky's job duties involved delivering truckloads of pallets to customers.  Defendant

(5:07 CV 3877)

Todd Ripley (Ripley) was the owner and majority shareholder of CMLW, and Poletsky's ultimate supervisor.

The Court has read the deposition transcripts of Poletsky and Ripley, and reviewed the other submissions by the parties in connection with defendants' summary judgment motion. Beyond the facts noted in the prior paragraph, there is very little agreement between the parties as to material facts.

Plaintiff testified at her deposition that she was subjected to a variety of continual unwelcome verbal and physical conduct of a sexual nature by her co-workers, the details of which are set forth in her deposition. According to plaintiff, she complained to defendant Ripley about that this unwelcome sexual conduct but Ripley took no action to address her complaints, and in fact, laughed at her complaints. Plaintiff also testified at her deposition that she felt unsafe at work as a result of the verbal and physical sexual conduct to which she was subjected.

Further, plaintiff testified at her deposition that she was ultimately fired because of her complaints, in particular, because of a written complaint regarding conduct of a sexual nature by an individual who did not work for defendants. This individual, Bill Amkeny (Amkeny), had a friendly business relationship with defendant Ripley. Ripley learned about plaintiff's written complaint from Amkeny, and within several days, plaintiff was no longer employed by defendants.

Defendant Ripley testified at his deposition that plaintiff did not complain to him about unwelcome verbal and physical conduct of a sexual nature and that he was unaware of any such conduct. Further, Ripley testified that plaintiff was not fired, but quit.

(5:07 CV 3877)

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 . When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The Rule requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony." *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (citing *Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)); *but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit"). Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there

(5:07 CV 3877)

must be evidence on which the jury could reasonably find for the plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby*, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250. Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. *See also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

## IV.  LAW AND ANALYSIS

A.     Title VII Sex Discrimination/Harassment

Plaintiff may establish a Title VII violation by proving a hostile work environment. A Title VII violation in this form occurs when the work place is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Williams v. General Motors Corporation,* 187 F.3d 553, 560 (6th Cir. 1999) (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993)). Whether the harassing conduct is sufficiently severe or pervasive to establish a hostile work environment is "quintessentially a question of fact." *Hawkins v.*

4

(5:07 CV 3877)

*Anheuser-Busch, Inc.,* 517 F.3d 321, 333 (6th Cir. 2008) (quoting *Jordan v. City of Cleveland*, 464 F.3d 584, 597 (6th Cir. 2006)).  In order to determine whether conduct is severe or pervasive, the totality of the circumstances must be considered and the conduct evaluated by both an objective and subjective standard.  *Hawkins,* 517 F.3d at 333 (citing *Harris,* 510 U.S. at 21-23).

"The determination of whether harassing conduct is sufficiently severe or pervasive to establish a hostile work environment is not susceptible to a 'mathematically precise test.'" *Hawkins,* 517 F.3d at 333 (quoting *Abeita v. Transam. Mailings, Inc.,* 159 F.3d 246, 251 (6th Cir. 1998)).  A plaintiff's assertions that the alleged harasser's sexual comments were continual or ongoing or commonplace over a period of time are sufficient to survive summary judgment on the issue of whether defendant's conduct was severe or pervasive.  *Hawkins,* 517 F.3d at 334 (citing *Abeita,* 159 F.3d at 252).  Also, the Sixth Circuit has made clear that harassment involving an "element of physical invasion" is more severe than harassing comments alone. *Hawkins,* 517 F.3d at 334 (citing *Williams,* 187 F.3d at 563 (harassing sexual comments and one act of touching contained an element of physical invasion that raised a question of fact for the jury)).

Summary judgment is only appropriate if the evidence is so one-sided that there is no genuine issue of material fact as to whether there was a hostile work environment.  *Hawkins,* 517 F.3d at 333 (citing *Albeita,* 159 F.3d at 250).  In this case, there are material facts in dispute about the nature, scope and extent of the sexual verbal and physical conduct alleged by plaintiff and about defendants' knowledge of plaintiff's complaints and response thereto.  Plaintiff's

5

(5:07 CV 3877)

assertion that defendants sexual comments were continual over a period of time, and that she was subject to repeated unwanted touching, are sufficient to survive summary judgment as to whether the alleged conduct was severe or pervasive. *See Hawkins,* 517 F.3d at 334.  Accordingly, defendants' motion for summary judgment as to plaintiff's Title VII hostile environment claim is denied.

B.      Title VII Retaliation

In order to establish a retaliation claim under Title VII, an employee must show that: 1) she engaged in protected activity; 2) the employer knew of the exercise of the protected right; and 3) an adverse employment action was subsequently taken against the employee; and 4) there was a causal connection between the protected activity and the protected right. *Hawkins,* 517 F.3d at 334 (citing *Morris v. Oldham Cty. Fiscal Ct.,* 201 F.3d 784, 792 (6th Cir. 2000)).

In this case, plaintiff lodged a written complaint with the employer of Bill Amkeny, a man who had a business relationship with Ripley, regarding Amkeny's repeated requests to plaintiff to show him her breasts.  According to Ripley's deposition testimony, he learned of plaintiff's written complaint from Amkeny.  The parties do not dispute that within several days, plaintiff was no longer employed by defendants.  Plaintiff testified at her deposition that she was fired.  Defendant testified at his deposition that plaintiff quit, but also asserts plaintiff was discharged for refusing to take a load of pallets to New York.

(5:07 CV 3877)

As with plaintiff's hostile environment claim, there are clearly material facts in dispute as to plaintiff's retaliation claim. The evidence is not one-sided and defendants are not entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment at to plaintiff's retaliation claim is DENIED.

C.ORC § 4112 Claim

Federal case law interpreting Title VII is generally applicable to claims under Ohio's Civil Rights Act. *See Knox v. Neton Auto Products Mfg.,* 375 F.2d 451, 457 (6th Cir. 2004). The factual circumstances supporting plaintiff's Ohio Civil Rights Act claim are the same as plaintiff's Title VII claims. The Court's ruling on defendants' motion for summary judgment as to plaintiff's Title VII claims is equally applicable to plaintiff's state law claim. Therefore, defendants' motion for summary judgment with respect to plaintiff's Ohio Civil Rights Act claim is DENIED.

## V.  CONCLUSION

Summary judgment is only appropriate when there are no material facts in dispute, and even when the facts are construed in a light most favorable to the plaintiff, defendants are entitled to judgment as a matter of law. In this case, there are genuine factual issues in dispute that can only be resolved by a fact-finder.

Accordingly, for the reasons contained herein, defendants motion for summary judgment (ECF 27) is DENIED.

(5:07 CV 3877)

       The Court will conduct a status conference in this case at 12:00 noon on May 22, 2009. Counsel are required to attend and to bring their calendars as a trial date will be established at that time.

       IT IS SO ORDERED.

| | |
|---|---|
|  April 7, 2009 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |